**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **WALTER POVEDA TORREZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1011-KC** |
| | § | |
| **MICHAEL WALKING et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case. On April 8, 2026, Walter Poveda Torrez filed

a Petition for a Writ of Habeas Corpus, ECF No. 5, challenging his detention as unlawful and

asking the Court to order his release. On April 27, 2026, the Court ordered Respondents to

provide a status report by May 26, stating whether Poveda Torrez was removed from the United

States, and if not, why, and the anticipated timeline for his removal. Apr. 27, 2026, Order, ECF

No. 6; *see also* May 20, 2026, Order, ECF No. 9.

On May 26, Respondents filed a Notice, ECF No. 11, informing the Court that Poveda

Torrez was not removed to Honduras through the Asylum Cooperative Agreement ("ACA")

because Honduras only accepts ten removals under ACA per month. Poveda Torrez was

"anticipated for removal in June." *Id.*

On May 27, the Court received an ex parte communication from Poveda Torrez's spouse,

Angela Adilia Ceas Ceas, a non-party to this case. *See* Emergency Notice, ECF No. 12. The

Court admonished Ceas for filing an ex parte communication but noted that she raised serious

and concerning allegations that Poveda Torrez was denied access to legal fax and mail services

and prevented from filing a notice of change of address and a response in this case. May 28,

2026, Order, ECF No. 13.  Thus, the Court ordered Respondents to file an advisory by June 4 stating (1) whether Petitioner was transferred to Torrance County Detention Facility, and if so, (2) whether Petitioner had attempted to file a notice of change of address and a response, or any other documents in this case, and was denied the means to do so.  *Id.* at 2.

Respondents have now filed an Advisory, ECF No. 16.  They inform the Court that Poveda Torrez was transferred to Torrance County Detention Center on May 14.  *Id.* ¶ 1.  A week later, he was transferred back to Camp East Montana for staging, pending removal to Honduras.  *Id.* ¶ 2.  On May 30, Poveda Torres was transferred to Port Isabel Detention Center, also for staging, pending removal to Honduras.  *Id.* ¶ 3.  And, on June 4, he was removed to Honduras.  *Id.* ¶ 4.  Respondents thus request that the Court dismiss the Petition as moot.  *Id.* at 2.

As for the allegation that Poveda Torrez was denied access to court at Torrance County Detention Center, Respondents state that "[t]here is no evidence indicating that [Poveda Torrez] attempted to file, or was denied the opportunity to file, a notice of change of address, a response, or any other documents in this case."  *Id.* ¶ 5.  Respondents do not provide any details regarding their investigation of the allegation or how they came to conclude that there was no evidence substantiating it.  *See generally id.*

In sum, a very concerning allegation regarding denial of access to court was brought to the Court's attention, and Respondents have provided a one-sentence, conclusory response, which does not reflect that Respondents or their attorneys took the allegation seriously.  As officers of the court, Respondents' attorneys should be concerned with any allegation that a detained litigant has been denied access to the court, regardless of whether that litigant is an

opposing party. The Court expects Respondents and their attorneys to meet such allegations in the future with a more diligent response.

Turning to Poveda Torrez's Petition, "where an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)). Because Poveda Torrez has now been removed, and thus released from custody, the Petition is moot. *See Ortez*, 845 F.2d at 575.

Accordingly, the Court **ORDERS** that the Petition is **DISMISSED** as moot.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 6th day of June, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3